IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| STEVEN BYRDSONG, #194947, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 2:20-cv-301-ECM |
| | ) | |
| JEFFERSON S. DUNN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is the Recommendation of the Magistrate Judge (doc. 6) which recommends that the Plaintiff's motion for a preliminary injunction (doc. 1) be denied as moot because the Plaintiff is no longer housed at the institution where the incident about which he complains occurred. On June 1, 2020, the Plaintiff filed objections to the Recommendation. (Doc. 8).

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). *See also United States v. Gopie,* 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the Magistrate Judge's Report and Recommendation must

be sufficiently specific in order to warrant *de novo* review. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 783-85 (11th Cir. 2006). The Court has conducted a *de novo* review of this matter.

In his objection, the Plaintiff acknowledges that his request for preliminary injunctive relief is moot because of his transfer from Kilby but states that correctional officers can transfer to other facilities. He also asserts that it would be difficult to succeed on a motion for preliminary injunction without discovery to show the injuries he suffered from the use of force. (Doc. 8). Preliminary injunctive relief may not be granted based on subjective allegations of possible harm as they are not an adequate substitute for claims of specific, present harm or threat of a specific, future harm. *Laird v. Tatum*, 408 U.S. 1, 14 (1972). Moreover, the Plaintiff's objection does not demonstrate that there exists a reasonable expectation that the challenged violation will occur again. *See Adler v. Duval County School Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997) (holding that "[w]hen the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury."). To the extent the Plaintiff is arguing that he could demonstrate a likelihood of success on the merits of his motion with discovery, speculation about potential evidence of a past harm is insufficient to show a substantial likelihood of success on the merits of a request for preliminary injunctive relief. The Plaintiff presents no evidence or argument about a continuing, present injury or real and immediate threat of repeated injury necessary to satisfy the requirements for granting preliminary injunctive relief.

Upon an independent review of the file in this case and upon consideration of the Recommendation of the Magistrate Judge, for the reasons as stated and for good cause, it is

ORDERED as follows:

1. the Plaintiff's objections (doc. 8) are OVERRULED;

2. the Recommendation of the Magistrate Judge (doc. 6) is ADOPTED;

3. the motion for a preliminary injunction (doc. 1) is DENIED; and

4. this case is referred to the Magistrate Judge for further proceedings.

DONE this 14th day of July, 2020.

    /s/   Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE