IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVEN BYRDSONG, <br> REG. NO. 02614-122, <br> <br> Plaintiff, <br> <br> v. <br> <br> JEFFERSON DUNN, *et al.*, <br> <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACT. NO. 2:20-cv-301-ECM <br> ) (WO) <br> ) <br> ) <br> ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is the Recommendation of the Magistrate Judge (doc. 57) recommending that the Defendants' motion for summary judgment (doc. 34) be granted in several respects but denied with respect to the Plaintiff's excessive force claim against Defendant Willie Marvin in his individual capacity. (Doc. 57 at 14). On July 5, 2023, the Defendants filed objections to the Recommendation. (Doc. 58).

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). *See also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.,* 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be

sufficiently specific in order to warrant *de novo* review. *See Stokes v. Singletary,* 952 F.2d 1567, 1576 (11th Cir. 1992) ("[w]henever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue.")(quoting *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988)). Otherwise, a Report and Recommendation is reviewed for clear error.

The Court has carefully reviewed the record in this case, the Recommendation of the Magistrate Judge, and the Defendant's objections. To the extent the Defendants make conclusory objections, their general objections are reviewed for clear error, and are due to be overruled.

The Defendants, however, raise two objections which are "asserted for clarification purposes." (Doc. 58 at 2). To the extent that the Defendants contend that the factual statements as construed by the Magistrate Judge require clarification, the Court concludes that these objections are due to be overruled.

> Summary judgment is not a time for fact-finding; that task is reserved for trial. *See, e.g., Tolan v. Cotton*, 572 U.S. 650, 655–57, 134 S.Ct. 1861, 188 L.Ed.2d 985 (2014). Rather, on summary judgment, the district court must accept as fact all allegations the non-moving party makes, provided they are sufficiently supported by the evidence of record. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). So when competing narratives emerge on key events, courts are not at liberty to pick which side they think is more credible. *See Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013). Indeed, if "the only issue is one of credibility," the issue is factual, and a court cannot grant summary judgment. *Mize v. Jefferson City Bd. Of Educ*., 93 F.3d 739, 742–43 (11th Cir. 1996).

> We must also bear in mind that, in identifying the relevant facts to resolve a motion for summary judgment, a district court must "view all evidence and make all reasonable inferences in favor of" the non-moving party. *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1315 (11th Cir. 2007) (citations and quotation marks omitted). And if a reasonable jury could make more than one inference from the facts, and one of those permissible inferences creates a genuine issue of material fact, a court cannot grant summary judgment. *Id.* Rather, the court must hold a trial to get to the bottom of the matter.

*Sconiers v. Lockhart*, 946 F.3d 1256, 1263 (11th Cir. 2020).

The Court agrees with the Magistrate Judge that the Defendants' motion for summary judgment with regard to the Plaintiff's excessive force claims against Defendant Marvie must be denied because there are genuine issues of material fact concerning the use of force against the Plaintiff and Sgt. Marvin's involvement in that use of force.

Accordingly, for the reasons as stated and for good cause, it is

ORDERED as follows that:

1. The Defendants' objections (doc. 58) are OVERRULED.

2. The Recommendation of the Magistrate Judge (doc. 57) is ADOPTED.

3. The Defendants' motion for summary judgment is GRANTED in favor of all Defendants with respect to the Plaintiff's claims for monetary damages against them in their official capacities.

4. The Defendants' motion for summary judgment is GRANTED in favor of all Defendants with respect to the Plaintiff's claims for injunctive and declaratory relief.

5.      The Defendants' motion for summary judgment is GRANTED in favor of Defendants Dunn and Cargill with respect to the Plaintiff's claims against them in their individual capacities.

6.      The Defendants' motion for summary judgment is DENIED with respect to the Plaintiff's excessive force claim against Defendant Marvin in his individual capacity.

This case will be set for a jury trial by separate order.

DONE this 21st day of August, 2023.

                       /s/   Emily C. Marks
                       EMILY C. MARKS
                       CHIEF UNITED STATES DISTRICT JUDGE